UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN CORKERN AND TERESA                    CIVIL ACTION
CORKERN

VERSUS                                      NO: 05-5487

OUTBACK STEAKHOUSE OF                       SECTION: R(4)
FLORIDA, INC. AND ABC
INSURANCE COMPANY


**ORDER AND REASONS**

Plaintiffs Kevin and Teresa Corkern move to remand this
action to Louisiana state court.  For the reasons stated below,
the Court DENIES plaintiffs' motion.


I.    **BACKGROUND**

Plaintiffs Kevin and Teresa Corkern filed this action
against defendant Outback Steakhouse of Florida, Inc. and
fictitious defendant ABC Insurance Company in Louisiana state
court on October 12, 2005.  Plaintiffs allege that Kevin Corkern
received food poisoning from an October 2004 visit to an Outback
Steakhouse location in Covington, Louisiana.  Plaintiffs allege

that Mr. Corkern became violently ill as a result of the food poisoning, which "caused him to sustain severe and painful injury to his low back, lumbar spine and discs." (*See* Rec. Doc. 1, Ex. 1, ¶ 9).

In the petition, Mr. Corkern requests damages for (i) past, present and future pain and suffering; (ii) mental anguish; (iii) loss of enjoyment of life; (iv) disability; (v) lost wages and earning capacity; (vi) past and future medical expenses, including hospital expenses, doctor's fees and associated medical expenses for epidural steroid injections, medication and possible surgical intervention; (vii) transportation costs; and (viii) costs and fees. (*See* Rec. Doc. 1, Ex. 1, ¶ 10). Ms. Corkern seeks damages for (i) mental anguish and emotional distress; (ii) loss of consortium, society and emotional support; and (iii) loss of her husband's services. (*See* Rec. Doc. 1, Ex. 1, ¶ 11). In accordance with Louisiana law, plaintiffs did not request a specific dollar amount of damages.

Outback removed the case to this Court on November 10, 2005. In its notice of removal, Outback stated that removal was appropriate because the parties are completely diverse, and the amount in controversy exceeds $75,000. Plaintiffs moved to remand this action on December 6, 2005. In their motion for

remand, plaintiffs stipulated, through counsel, that the amount in controversy is less than $75,000.

## II.  DISCUSSION

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that the removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, Civ. A. No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

The parties do not dispute that complete diversity exists in this action, as plaintiffs are both domiciled in Louisiana, and

Outback is a citizen of Florida for diversity purposes.[1]  The only disputed issue here is whether this action satisfies the $75,000 amount-in-controversy requirement for federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

Neither of the parties expressly distinguishes between the amount in controversy on Mr. Corkern's claims and the amount in controversy on Ms. Corkern's claims, but the parties' arguments are directed exclusively to the claims of Mr. Corkern.  Because, as discussed below, the Court finds that Mr. Corkern's claims satisfy the amount-in-controversy requirement, the Court does not determine whether Ms. Corkern's claims also satisfy that requirement, as the Court can in any event exercise supplemental jurisdiction over her claims.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2622-23 (2005); *Longo v. R.E. Monson, Inc.*, No. 4:05CV1835 CDP, 2005 WL 3454517, at *1-2 (E.D. Mo. Dec. 16, 2005).

### A.   Amount In Controversy

Under Fifth Circuit law, a removing defendant's burden of

---

[1] The complaint also names a fictitious defendant, ABC Insurance Company.  The Court does not consider the citizenship of ABC in determining the propriety of removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."  *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) (removal standards "give great weight to the plaintiff's assessment of the value of plaintiff's case").  The reason for this rule is that when a plaintiff claims damages sufficient to invoke federal jurisdiction, yet chooses to proceed in state court, there is no danger that the claimed amount has been inflated in order to confer jurisdiction.  *See St. Paul Mercury Indem. Co.*, 303 U.S. at 290 (in removal cases, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end").

When, however, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 859 (5th Cir. 1999); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404,

1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that her claims are for less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  Post-removal affidavits or stipulations may be considered if the amount in controversy is ambiguous at the time of removal, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  When the amount in controversy is clear from the face of the complaint, post-removal stipulations reducing the amount of damages cannot deprive the Court of jurisdiction.  *Id.; see also, e.g.*, *Nelson v. Family Dollar Stores of La., Inc.*, No. Civ.A. 04-2146, 2005 WL 517504, at *3 (E.D. La. Feb. 18, 2005).

Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages in the complaint.  *See* La. Code Civ. Proc. Ann. art. 893(A)(1).  Louisiana law does, however, permit a plaintiff to allege generally that the relief sought is less than that required for federal jurisdiction.  *See id.* ("[I]f a

6

specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required.").

### B.    Analysis

To determine whether it is facially apparent that a complaint that seeks an unspecified amount of damages satisfies the amount-in-controversy requirement, courts in the Fifth Circuit consider both the types of injuries alleged by the plaintiff and the types of damages requested.  *See Gebbia*, 233 F.3d at 883; *Simon*, 193 F.3d at 850-851; *see also Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226 (5th Cir. 2002).  The Fifth Circuit's decisions in this area provide the Court with valuable guideposts against which to compare the injuries claimed and damages sought by Mr. Corkern.

In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), the defendant airline allegedly lost the plaintiff's luggage, which contained her prescription heart medication.  *Id.* at 297  Three days later, the plaintiff became ill, apparently in part because she had not been able to take her heart medication. *Id.*  The plaintiff was diagnosed with congestive heart failure, pulmonary edema and respiratory distress and was hospitalized for

7

a total of six days. *Id.* She later sued the airline in tort, seeking damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework." *Id.* at 298. The Fifth Circuit, emphasizing the tort nature of the plaintiff's claim and the types of damages she sought, held that the petition was facially sufficient to support removal jurisdiction. *Id.*

In *Simon*, the plaintiff alleged that she was injured in a purse-snatching incident in a Wal-Mart parking lot. The plaintiff asserted that she suffered a "severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions" and unspecified other injuries. *Simon*, 193 F.3d at 850. She requested damages for past and future medical expenses, as well as "'reasonable' damages for loss of consortium." *Id.* On appeal from a judgment in favor of plaintiff for $30,000, the Fifth Circuit *sua sponte* held that the district court lacked subject matter jurisdiction because the amount-in-controversy requirement was not satisfied. *Id.* at 850-51. In finding that it was not apparent from the face of the complaint that the amount in controversy exceeded the jurisdictional minimum, the court distinguished *Luckett* on the grounds that the plaintiff in *Luckett* had alleged more severe injuries than the plaintiff in

8

the case before it, that she had done so with greater specificity, and that she had alleged specific types of damages not sought in the case before it.  *Id.* at 850-51 (noting that plaintiff's complaint requested "unspecified medical expenses . . . plus loss of consortium.  It did not allege any damages for loss of property, emergency transportation, hospital stays, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction.").

The plaintiff in *Gebbia* alleged that she was injured when she slipped and fell in the produce section of the defendant's store.  In her state court petition, the plaintiff alleged that she suffered injuries to her wrist, knee, patella, and upper and lower back.  *Gebbia*, 233 F.3d at 881.  The plaintiff requested unspecified damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement."  *Id.*  The defendant removed the case on the basis of these allegations, and the district court denied plaintiff's motion to remand.  On appeal, the Fifth Circuit held that it was facially apparent from plaintiff's allegations that the jurisdictional requirements were satisfied. *Id.* at 883.  After considering its earlier decisions in *Luckett*

9

and *Simon*, the court stated that the injuries and damages alleged by the plaintiff were sufficient to confer removal jurisdiction because they "support[ed] a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*."  *Id.*

In light of this case law, the Court concludes that Outback has shown that it is facially apparent from plaintiffs' petition that Mr. Corkern's claims exceed $75,000.  Plaintiffs here allege that Mr. Corkern suffered severe back injuries that continue to require medical treatment and that might ultimately require surgical intervention.  Moreover, Mr. Corkern has specifically alleged that he is entitled to damages from Outback for pain and suffering, mental anguish, loss of enjoyment of life, disability, and a variety of past and future expenses related to medical treatment.  In this regard, Mr. Corkern's damage allegations are far more akin to the allegations made by the plaintiffs in *Luckett* and *Gebbia* than to those made in *Simon*.  Accordingly, the Court finds that it is facially apparent that the amount in controversy on Mr. Corkern's claims exceeds $75,000.

Plaintiffs argue, however, that their failure to request a jury trial, which is available under Louisiana law only if the plaintiff's claims exceed $50,000, shows that it is not facially apparent that Mr. Corkern's alleged damages exceed $75,000.  *See*

10

La. Code Civ. Proc. Ann. art 1732(1).  This assertion is without
merit.  Although a plaintiff's failure to request a trial by jury
*might* be indicative of the amount of damages the plaintiff seeks,
that is not necessarily the case, and the plaintiff's omission of
a jury trial request cannot alone defeat removal when, as here,
the affirmative allegations of the petition make clear that the
amount in controversy exceeds $75,000.

Moreover, to the extent that a Louisiana state court
plaintiff is concerned about the possibility of improper removal,
Louisiana law specifically permits plaintiffs to make a "general
allegation that the claim exceeds or is less than" the
jurisdictional amount in order to establish "the lack of
jurisdiction of federal courts due to insufficiency of damages."
*Id.* art. 893(A).  Plaintiffs made no such allegation here.  For
that reason, plaintiffs' reliance upon this Court's decision in
*Trahan v. Chevron USA, Inc.*, No. Civ.A. 01-3206, 2002 WL 59407
(E.D. La. Jan. 14, 2002), is misplaced.  In *Trahan*, the Court
relied primarily on the complaint's specific allegation that
damages did not exceed $75,000 in determining that the
jurisdictional amount was not apparent from the face of the
complaint.  *Id.* at *3.  Although the Court also noted that the
plaintiff had not requested a jury trial in that case, the
absence of a jury trial request did not factor significantly in

the Court's decision.  *See id.*

As the Court has determined that it is facially apparent that Mr. Corkern's claims exceed the jurisdictional minimum, plaintiffs are not entitled to remand unless they show to a legal certainty that Mr. Corkern cannot recover over $75,000 in damages.  Plaintiffs have failed to make the required showing. First, as noted *supra*, post-removal stipulations concerning the amount of damages sought can be considered only to clarify ambiguities in the amount in controversy.  Because the Court has found that the jurisdictional amount is apparent from the face of the petition, plaintiffs' post-removal stipulation that damages are less than $75,000 cannot divest the Court of jurisdiction. *Gebbia*, 233 F.3d at 883-84.  Further, plaintiffs' assessment of the current status of Mr. Corkern's injuries is also insufficient to meet the legal certainty test.  Plaintiffs' assertions that Mr. Corkern's injuries are simply an aggravation of an earlier injury and that surgery will not likely be necessary simply do not establish that Mr. Corkern cannot recover more than $75,000 in this action.  The Court therefore concludes that it has subject matter jurisdiction over this action, and it will deny plaintiffs' motion to remand.

**III. CONCLUSION**

    For the reasons stated above, the Court DENIES plaintiffs'
motion to remand.


    New Orleans, Louisiana, this <u>3rd</u> day of February, 2006.


                                 _____
                                      SARAH S. VANCE
                        UNITED STATES DISTRICT JUDGE

13