UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN CORKERN AND                              CIVIL ACTION
TERESA CORKERN


VERSUS                                         NO: 05-5487


OUTBACK STEAKHOUSE OF                          SECTION: R(4)
FLORIDA, INC., AND
ABC INSURANCE COMPANY


## ORDER AND REASONS

The following three motions *in limine* are before the Court:
(1) plaintiffs Kevin and Teresa Corkern's motion to exclude the
written report and testimony of Dr. Brobson Lutz; (2) defendant
Outback Steakhouse's motion to exclude Dr. Gustavo Gutnisky's
video deposition in favor of live testimony; and (3) Outback's
motion to exclude the Louisiana Department of Health and
Hospitals' retail inspection reports on its restaurant. The Court
DENIES the Corkerns' motion, GRANTS Outback's motion regarding
Dr. Gutnisky's video deposition, and DENIES Outback's motion
concerning the inspection reports.

I.   **BACKGROUND**

This case arises out of an alleged incident of food poisoning at an Outback Steakhouse restaurant in Covington, Louisiana. Plaintiffs Kevin and Teresa Corkern filed their complaint against defendants Outback Steakhouse, Inc., and fictitious ABC Insurance Company on October 12, 2005, in Louisiana state court. They contend that Mr. Corkern received food poisoning from an October 2004 rack of lamb dinner at the restaurant and became "violently ill" after the meal, resulting in an injury to his lower back. (*See* Rec. Doc. 1 at 9: ¶ 9.) Trial is scheduled for June 18, 2007.

II.  **MOTIONS IN LIMINE**

A.   **The Corkerns' Motion to Exclude Testimony of Dr. Lutz**

The Corkerns move to exclude the live testimony and written report of Outback's medical expert, Dr. Brobson Lutz, on the grounds that Outback submitted Dr. Lutz's report after the scheduling order deadline, and Dr. Lutz did not cooperate in scheduling his deposition. Outback plans to present Dr. Lutz's testimony for the purpose of showing that Mr. Corkern's meal at Outback likely did not cause his vomiting episode. (*See* Rec. Doc. 38 at 1; Joint Opposed Ex. List.) Outback earlier noted its intention to introduce Dr. Lutz's report in its preliminary exhibit list filed with the Court on April 6, 2007, pursuant to

2

the scheduling order and in the joint pretrial order. (*See* Rec. Doc. 22 at 1, 2; Rec. Doc. 36 at 11, 13.) Under the Court's scheduling order, Outback was required to submit its expert reports to the Corkerns by April 6, 2007 (*See* R. Doc. 18 at 2), but it did not do so until April 13, 2007 (*See* R. Doc. 51 at 2). Although Outback did not file for an extension with the Court, the Corkerns' counsel acknowledges consenting to an extension. (*See* Rec. Doc. 44 at 2.) The Corkerns further assert that they attempted to schedule Dr. Lutz's deposition multiple times, but that he was uncooperative in making himself available. (*See* R. Doc. 44 at 3-4.)

Neither Dr. Lutz's report nor his live testimony prejudices the Corkerns. Outback did not submit the report egregiously late; the Corkerns received it more than two months before the trial date. Accordingly, they had ample time to depose Dr. Lutz. If Dr. Lutz was uncooperative, then the Corkerns could have subpoenaed him to appear at a deposition. But they did not. Their failure to utilize discovery procedures is no reason to exclude Dr. Lutz from testifying.

**B.   Outback's Motion to Exclude the Video Deposition of Dr. Gustavo Gutnisky in Favor of Live Testimony**

Outback moves to exclude the video deposition of Dr. Gustavo Gutnisky, Mr. Corkern's treating physician, because he is within

the subpoena power of the Court. (*See* Rec. Doc. 46.) In their final witness list, the Corkerns stated that they will either present live testimony by Dr. Gutnisky or play a video recording of his deposition. (*See* Rec. Doc. 40 at 1.) But they have not presented any facts that warrant the use of a deposition in place of live testimony under Rule 32(a)(3) of the Federal Rules of Civil Procedure. Dr. Gutnisky practices in Slidell, Louisiana, which is within 100 miles of the courthouse, and the record shows that he has received subpoenae from both parties to appear at trial. (*See* Rec. Docs. 37, 49.) Unless Outback consents to the presentation of the video deposition or some other condition justifies its use, the Corkerns may not introduce it in place of live testimony.

**C.   Outback's Motion to Exclude Health Inspection Reports**

Outback also moves to exclude from evidence nine inspection reports of the Covington Outback prepared by the Louisiana Department of Health and Hospitals from 2003–06.[1] First, it argues that the reports are irrelevant because their dates are far removed from Mr. Corkern's October 2004 restaurant visit. The

---

[1] Outback objects to inspection reports dated (i) June 6, 2003; (ii) June 7, 2004; (iii) June 10, 2004; (iv) August 11, 2005; (v) August 21, 2006; (vi) August 22, 2006; (vii) September 11, 2006; (viii) October 3, 2006; and (ix) October 23, 2006. (*See* Rec. Doc. 47-2 at 2.)

Court rejects this argument. Although none of these reports documents an inspection on the day of Mr. Corkern's meal, they concern the condition of Outback's kitchen and show that the restaurant's record of cleanliness is far from unblemished over a substantial period of time. The reports include inspectors' findings of "critical violations," which the reports define as "relat[ing] directly to the protection of the public from foodborne illness," and "non-critical violations," which "relate to design, sanitation and maintenance of food service operations." (*See, e.g.,* R. Doc. 50-3 at 1.) Wether Mr. Corkern contracted a foodborne illness from his meal at Outback is the central issue in this case. That the reports are spread over a wide range of dates may demonstrate that even if restaurant personnel corrected a violation identified during an inspection, violations occurred and recurred in the future. The reports bear on a consequential fact—the existence of a foodborne illness—and are therefore relevant under Rule 401 of the Federal Rules of Evidence.

Second, Outback urges this Court to exclude the health inspection reports, even if relevant, as prejudicial. (*See* Rec. Doc. 47.) Under Rule 403 of the Federal Rules of Evidence, this Court may exclude relevant evidence "if its probative value is *substantially* outweighed by the danger of unfair prejudice,

5

confusion of the issues, or misleading of the jury." Fed R. Evid. 403 (emphasis added). These reports may be unfavorable to Outback's defense, but Outback may question witnesses about the frequency of health inspections and point out that some of the disputed reports reflect that Outback's staff immediately corrected identified violations. These reports are not so inflammatory or misleading that they are likely to lead a jury to decide this case on an improper basis. Accordingly, they are not subject to exclusion under Rule 403.

Third, Outback urges the Court to exclude the 2005 and 2006 reports because the Corkerns first produced them at the pretrial conference and did not include them on their exhibit list in the pretrial order. (*See* Rec. Doc. 47-2 at 3.) Under the scheduling order, counsel for all parties had until April 6, 2007, to identify all exhibits that they might introduce at trial. (*See* Rec. Doc. 18 at 2.) A review of the record shows that the Corkerns' counsel included "[r]ecords of Outback Steakhouse of Florida, Inc.," in their exhibit list filed April 5 (*See* Rec. Doc. 20 at 2) and noted inspection reports from 2003 and 2004 in the pretrial order (*See* Rec. Doc. 36 at 10-11), but did not specifically list the 2005 and 2006 reports. Yet Outback does not even argue that this omission causes it prejudice because of a lack of knowledge. These reports bear the signatures of

6

restaurant managers, including that of Matt Gallagher, the proprietor of the Covington Outback whom defense counsel plans to call as a witness. (*See* Pl.'s Ex. 1.) Furthermore, Mr. Gallagher confirmed in his deposition testimony, which Outback cites in its motion *in limine*, that the restaurant maintains files of health inspection reports. Outback can hardly assert that it had no knowledge of these reports and will suffer prejudice from them.

Finally, Outback argues that this Court should exclude the use of any of the health reports to impeach the testimony of Mr. Gallagher. (*See* Rec. Doc. 47-2 at 3.) It argues that Mr. Gallagher was not untruthful in his deposition testimony when he stated that he did not recall whether the inspecting agency had notified him of any inadequate sanitation procedures in the Outback kitchen. (*See id.* at 4.) Regardless of whether impeachment is appropriate, the Corkerns may use the documents to refresh the memories of witnesses. They can also be used to show that Outback had notice of the conditions in the kitchen.

**III. CONCLUSION**

For the reasons stated above, the Court DENIES the Corkerns' motion to exclude the live testimony and written report of Dr. Lutz; GRANTS Outback's motion to exclude the video deposition of Dr. Gutnisky; and DENIES Outback's motion to exclude retail health inspect reports.

New Orleans, Louisiana, this __18th__ day of June 2007.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE